MEMORANDUM *
Julio Martinez-Hernandez (“Martinez”) appeals his conviction for being an alien found in the United States without permission following deportation pursuant to 8 U.S.C. § 1326, contending that he was incompetent to stand trial. We reverse.
We review Martinez’s argument concerning his competency to stand trial for clear error. United States v. Frank, 956 F.2d 872, 874 (9th Cir.1992). The district court clearly erred in its determination that the government met its burden of demonstrating by a preponderance of the evidence that Martinez was competent to stand trial. Id. at 875. The government failed to demonstrate that Martinez possessed a “sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.” Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per cu-riam) (internal quotation marks omitted); see also 18 U.S.C. § 4241(d) (requiring a defendant to be declared mentally incompetent if he is “unable ... to assist properly in his defense”).
As in United States v. Hoskie, 950 F.2d 1388, 1392 (9th Cir.1991) (holding that the district court committed clear error by finding the defendant competent to stand trial), government and defense experts agreed on Martinez’s diagnosis, and both concluded that he was not malingering. The experts merely disagreed as to the ultimate inferences to be drawn from the diagnoses as they bore upon the question of Martinez’s competency. Nothing in the testimony of the government’s expert, however, refuted the defense’s evidence that Martinez was unable to consult with his lawyer with a reasonable degree of rational understanding. Thus, the district court clearly erred by determining that the government demonstrated that Martinez was competent to stand trial.
We REVERSE the conviction and the district court’s finding that Martinez was competent to stand trial, and VACATE the sentence. We REMAND lor the district court to decide whether to conduct a further competency hearing and to require Martinez to submit to further evaluation pursuant to 18 U.S.C. §§ 4241(a), (c), and 4247, or whether to commit Martinez directly to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.